UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ULISES ANTONIO GUTIERREZ
HERNANDEZ,                                                              Petitioner,

v.                                                       Civil Action No. 4:26-cv-234-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                               Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Ulises Antonio Gutierrez Hernandez, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefing setting out their respective legal arguments (D.N. 7; D.N. 8). After careful consideration, the Court will grant Gutierrez Hernandez's petition for the reasons explained below.

### I.

Gutierrez Hernandez is a native and citizen of Nicaragua. (D.N. 1, PageID.7 ¶ 29; D.N. 1-2, PageID.27) He entered the United States without inspection on or about July 20, 2021, and was apprehended by immigration authorities. (D.N. 1, PageID.1 ¶ 2; *see* D.N. 1-2, PageID.27) In August 2021, Gutierrez Hernandez was paroled into the United States for one year pursuant to 8

1

U.S.C. § 1182(d)(5)(A).[1]  (*See* D.N. 1-2, PageID.28)  He has received employment authorization. (*See* D.N. 1-6, PageID.38)  On March 17, 2026, U.S. Immigration and Customs Enforcement (ICE) authorities arrested Gutierrez Hernandez during a traffic stop in Indianapolis, Indiana.  (*See* D.N. 7-1, PageID.66)  An administrative arrest warrant was issued the same day.  (*See* D.N. 7-3, PageID.72)  Gutierrez Hernandez was placed in removal proceedings via a Notice to Appear dated March 17, 2026, which designated him as "an alien present in the United States who has not been admitted."  (D.N. 7-2, PageID.68)  Gutierrez Hernandez remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (D.N. 1-3, PageID.30)

Gutierrez Hernandez seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, Acting U.S. Attorney General Todd Blanche, Department of Homeland Security Secretary Markwayne Mullin, and Acting Director of ICE Todd Lyons.  (*See* D.N. 1, PageID.4–5 ¶¶ 17–20) Gutierrez Hernandez alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.21–22 ¶¶ 83–90)  Gutierrez Hernandez asks the Court to order his immediate release.  (*See id.*, PageID.19)    Respondents argue that (1) Gutierrez Hernandez is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (3) Gutierrez Hernandez's detention does not violate due process because he "was afforded all the process he was due" under § 1225.[2]  (*See* D.N. 7, PageID.53–64; D.N. 7-5, PageID.107, 109)

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

[2] Respondents do not contest that the Court has jurisdiction to review Gutierrez Hernandez's petition (*see* D.N. 7-5, PageID.91).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–

## II.

### A.    Immigration and Nationality Act

Gutierrez Hernandez asserts that 8 U.S.C. § 1225 "does not apply to [noncitizens like him] who previously entered the [United States] and have been residing [here] prior to being re-detained." (D.N. 1, PageID.21 ¶ 84) Respondents argue that § 1225(b)(2) requires Gutierrez Hernandez's detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 7-5)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest. *See id.* at *5, *7. Likewise, Gutierrez Hernandez is an applicant for admission because he is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 7-2, PageID.68), but he is not "seeking admission" under § 1225(b)(2)(A) because he lived in the United States when immigration authorities detained him (*see* D.N. 7-1, PageID.66). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were

---

84 (2004))). Nor do Respondents argue whether Gutierrez Hernandez must exhaust administrative remedies. (D.N. 7-5, PageID.105 n.4) Therefore, the Court will not address these issues. Additionally, Respondents argue that Gutierrez Hernandez's parole was properly terminated. (*See* D.N. 7, PageID.57–61) Because Gutierrez Hernandez does not dispute that issue (*see generally* D.N. 1; D.N. 8), the Court will likewise not address that argument.

recently apprehended just after entering." *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025).  Gutierrez Hernandez was arrested in the interior of the United States and thus does not fall within that category.[3]  *See Alonso*, 2025 WL 3083920, at *6.

Respondents additionally argue that their position "does not render Section 1226(c) superfluous."    (D.N. 7-5, PageID.125)    They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect."    (*Id.*, PageID.124)  As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'"  2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)).  "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well."  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted).  Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous.  *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025

---

[3] The fact that Gutierrez Hernandez was arrested after overstaying his parole does not change this conclusion.  *See Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643, at *2–3 (W.D. Ky. Mar. 3, 2026) (explaining that noncitizens arrested in the interior of the United States after their parole expired are subject to detention under § 1226(a), not § 1225(b)(2)).

4

WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018).  (*See* D.N. 7-5, PageID.131–33)  *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions.  *See* 583 U.S. at 286, 291.  As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)."  (D.N. 7-5, PageID.133)  Whether Respondents' position is consistent with *Jennings* is thus not dispositive here.  In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings."  583 U.S. at 303.  The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]."  *Id.* at 289 (emphasis added).  Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Gutierrez Hernandez is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing.  *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 815 F. Supp. 3d at 582; *Alonso*, 2025 WL 3083920, at *8.

B.    **Due Process**

Gutierrez Hernandez asserts that his detention without a bond hearing violates due process under the Fifth Amendment.   (*See* D.N. 1, PageID.22 ¶¶ 86–90)   Respondents argue that "Section 1225(b)(2) does not afford [Gutierrez Hernandez] the ability to obtain release on bond, and so the Due Process Clause does not either."   (D.N. 7-5, PageID.134)   Because Gutierrez Hernandez is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile.  *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings.  *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted).  To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)).  Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Gutierrez Hernandez "has a significant private interest in not being detained."   *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9.   Moreover, "the risk of erroneously depriving [Gutierrez Hernandez] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness."  *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R.

6

§ 1236.1(c)(8), (d)(1).  Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings."  *Barrera*, 2025 WL 2690565, at *7 (citation omitted).  But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here."  *Hyppolite*, 808 F. Supp. 3d at 493.  Thus, because all three *Mathews* factors weigh in Gutierrez Hernandez's favor, the Court concludes that his detention violates due process.  *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

ORDERED as follows:

(1)     Gutierrez Hernandez's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**.  Respondents are **DIRECTED** to immediately release Gutierrez Hernandez, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 8, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

May 7, 2026

**David J. Hale, Chief Judge**
**United States District Court**

7
